182 So. 549

BASS v. BISHOP et al.

No. 34682.

June 27, 1938.

Kay & Kay, of De Ridder, for appellant.

Elmer L. Stewart, of De Ridder, for appellees.

Joseph E. Bass, Jr., in pro. per.

ODOM, Justice.

Robert R. Bishop was adjudicated a voluntary bankrupt in the United States District Court on February 10, 1937, and plaintiff, Joseph E. Bass, Jr., was appointed trustee to represent the creditors and was vested with possession of the bankrupt's estate.

The purpose of the present suit by the trustee is to set aside a mortgage for $3,386.80, executed by Bishop on January 13, 1937, affecting certain real estate owned by him in the Parish of Beauregard. The suit is against Bishop and the mortgagees.

Defendants excepted to plaintiff's petition on the ground that it set out no cause of action. The exception was sustained by the trial judge, and plaintiff's suit was dismissed. Plaintiff appealed.

We think plaintiff's petition sets out a cause of action and that the exception should have been overruled.

Plaintiff alleged in Paragraph 6 of his petition:

"That on January 13th, 1937, a few days prior to the filing of said petition in bankruptcy and the adjudication thereon, and while insolvent, the said bankrupt mortgaged the following described real estate in the Parish of Beauregard."

Then follows a description of the property mortgaged.

Plaintiff specifically alleged:

"8. That the said mortgage and encumbrance of the said real estate, and the pledge of the said rent notes as above set out and described, was fraudulent, null and void, and constituted an attempt to place his property beyond the reach of his creditors, and to give and grant an unfair preference to one of his creditors over the others, and to hinder, delay and defraud his said creditors, for the following reasons, to-wit:

"9. That the said act of mortgage and pledge was executed within 4 months of the filing of the petition in bankruptcy and the adjudication of said debtor as a bankrupt.

"10. That at the date of execution of said act of pledge and said act of mortgage the said Robert R. Bishop was then insolvent.

"11. That no present valuable consideration was paid, or that whatever consideration might have been paid was grossly inadequate to the value received or the security granted by the bankrupt in the act of mortgage and of pledge.

"12. That said act of mortgage and act of pledge were made by said debtor with the purpose and intent to dispose of his property to the prejudice of his creditors, to place it beyond their reach, and with the intent and purpose on his part to hinder, delay and defraud his said creditors.

"13. That the said mortgagee, Mrs. George B. Seaman, had knowledge of the bankrupt's failing circumstances, and his insolvency, which was generally known,

openly and notoriously, and that she had knowledge or should have had knowledge of the debtor's intention to defraud his creditors at the date of execution of said act.

"14. Petitioner would aver that the property herein sought to be recovered and above described is not exempt from seizure for the debts of the creditors represented by your petitioner, and that it is practically all the property owned by the bankrupt with the exception of his home in which there is no equity for the estate."

Article 3359 of the Revised Civil Code reads as follows:

"Mortgages given and inscribed within three months previous to the failure of the debtor, shall be declared null, as presumed to be given in fraud of other creditors, unless the person in whose favor the mortgage was granted shall prove that he paid, in obtaining it, a real and effective value at the moment of the contract."

Section 1808 of the Revised Statutes of 1870 (Dart's, Volume 1, Section 2118) provides that:

"Any debtor who shall, within three months next preceding his failure, have sold, engaged or mortgaged any of his goods and effects, or shall have otherwise disposed of the same, or confessed judgment, in order to give an unjust preference to one or more of his creditors over the others, shall be debarred from the benefit of the insolvent laws, and the said deed or act shall be declared null and void.

"If the purchaser of such property shall prove that the property was either sold or engaged to him for a true and just consideration, by him bona fide delivered at the time of such deed, then, and in that case, the sales and mortgages shall be declared valid."

Plaintiff has specifically alleged that the execution of the mortgage by Bishop was done with fraudulent intent to prejudice the rights of his other creditors and to place the property beyond their reach, and that the consideration was vile; that Bishop was insolvent at the time, to the knowledge of the mortgagee. Whether all this be true or not is a question of fact. If these allegations be true, this mortgage should be set aside, because, as provided by Article 3359 of the Civil Code, it is "presumed to be given in fraud of other creditors", the same having been executed within three months previous to the failure of the debtor.

The trial judge said in his written reasons for sustaining the exception that it was not sufficiently shown by the petition that this mortgage was fraudulently executed. But Article 3360 of the Revised Civil Code reads as follows:

"The word fraud used in the foregoing article means any unfair preference which the debtor may give to one of his creditors over the others, by selling or mortgaging to him a portion of his property for a debt existing before the contract."

Plaintiff specifically alleged that the mortgage was given for the purpose of giving unfair preference to certain of the mort-

gagor's creditors. The word "fraud", says the Code, means any unfair preference which the debtor may give to one of his creditors over the others.

For the reasons assigned, the judgment appealed from is reversed and set aside, the exception of no cause of action is overruled, and it is now ordered that the case be remanded to the district court, reinstated on the docket thereof, and proceeded with according to law; costs of this appeal to be paid by appellees.

FOURNET, J., takes no part.